JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CASBN 195046)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7144
    Fax: (415) 436-7234
    Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0335 SI |
|     Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Date: January 24, 2008 |
| MARTIN SIMON, | Time: 3:30 p.m. |
|     Defendant. | |

    On September 14, 2007, defendant pleaded guilty to a single count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) pursuant to Rules 11(c)(1)(A) and 1(c)(1)(B) of the Federal Rules of Criminal Procedure. The United States endorses the sentencing recommendation of the probation office and respectfully asks this Court to sentence defendant to 77 months imprisonment (with credit for time served in state custody pursuant to San Mateo County case number SC63441A),[1] three years of supervised release, and a

---

[1] Defendant was arrested on San Mateo County case number SC63441A on March 17, 2007. On January 24, 2008, the date that he will be sentenced in this case, he will have been in custody on the state case for 10 months and 7 days. Should this Court choose to give defendant credit for the time served on the state charge (as contemplated by the plea agreement), this court should impose a sentence of 66 months and 24 days, which represents the 77 month guideline

1  $100 special assessment. This sentence constitutes the low end of the advisory guideline range
2  and comports with the factors listed in 18 U.S.C. § 3553(a).

## BACKGROUND

On March 17, 2007, two officers assigned to the San Mateo County Gang Task Force were patrolling East Palo Alto in an unmarked police vehicle. As they drove west on Azalia Drive, they saw a red Pontiac Grand Am pass them traveling in the opposite direction. The driver of the police vehicle, Burlingame Police Inspector Jay Kiely, recognized the man in the Pontiac's front passenger seat as Martin Simon. Inspector Kiely knew of defendant from defendant's lengthy violent history within the city of East Palo Alto. Inspector Kiely also knew that defendant was on parole, and he decided to conduct a parole stop. The officers made a U-turn to do so.

The officers saw the Pontiac pull halfway into the driveway of a house on Azalia Drive. When they arrived, defendant had left the Pontiac and was walking up the driveway. Inspector Kiely, who was wearing his uniform, got out of his vehicle and shouted, "Martin, stop!" Defendant, who was about fifteen feet away from Inspector Kiely, turned and looked at the officer. Inspector Kiely saw defendant's hands in the area of his front waistband, under his t-shirt. Defendant then ran across the driveway and began climbing over a fence. Inspector Kiely followed defendant, reached the fence, and grabbed him. He saw defendant holding a pistol in his right hand. Inspector Kiely pulled defendant off of the fence and onto the ground, which caused defendant to drop the gun. Defendant and Inspector Kiely had a physical altercation, during which defendant grabbed and squeezed Inspector Kiely's genitals. Inspector Kiely and his patrol partner were able to subdue and handcuff defendant. They recovered the gun from the ground. It was a loaded, semi-automatic .38 caliber Walther pistol, which subsequent analysis showed to have been manufactured outside of the State of California. The officers also recovered from the ground a bag containing about 30 ounces of marijuana. When they searched

---

sentence, less the 10 months and 7 days defendant has been in custody on the state case.

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0335 SI                  -2-

1  defendant incident to arrest, the officers found a four-gram bundle of marijuana, a digital scale,
2  and $134 in cash.
3      After being advised of his *Miranda* rights, defendant stated that he was carrying the gun
4  because people were trying to kill him.
5      Defendant was charged in state court with possession of a firearm by a felon and with
6  resisting a public officer. He pleaded guilty to both charges on April 13, 2007 and was sentenced
7  in two years in state prison. (Tab 1: *Abstract of Judgment*, Case SC063441A.) The United States
8  Attorney's Office sought, and was granted by the Assistant Attorney General, permission to
9  prosecute defendant pursuant to the Department of Justice's dual prosecution policy. On May
10 29, 2007, a federal grand jury in the Northern District of California returned an indictment
11 charging the defendant with one count of violating 18 U.S.C. § 922(g). Defendant pleaded guilty
12 to this charge on September 14, 2007.
13                                   ARGUMENT
14     The United States supports the sentencing recommendation of the probation office that
15 defendant be sentenced to 77 months (with credit for time served on the state charge), which
16 recommendation is consistent with the Sentencing Guidelines and the sentencing factors laid out
17 in 18 U.S.C. § 3553(a).
18 A.    <u>The Applicable Sentencing Range Under the Guidelines is 77-96 Months</u>
19     Under the Sentencing Guidelines, defendant's base offense level is 24,
20 U.S.S.G. § 2K2.1(a)(2), because defendant committed the instant offense subsequent to
21 sustaining two felony convictions for controlled substance offenses. Specifically, on December
22 3, 2001, defendant was convicted of the possession of rock cocaine for sale in San Mateo County
23 (Tab 2: *Abstract of Judgment*, Case SC049317A; PSR ¶ 38), and on June 20, 2003, defendant
24 was again convicted of the possession of rock cocaine for sale in San Mateo County (Tab 3:
25 *Abstract of Judgment*, Case SC053421A; PSR ¶ 41).
26     The government agrees that defendant qualifies for the three-point credit pursuant to
27 U.S.S.G. § 3E1.1 for acceptance of responsibility. His adjusted offense level, therefore, is 21.
28     As calculated by the Probation Office, defendant receives 13 criminal history points,

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0335 SI                                    -3-

1  which places him in Criminal History Category VI. The United States agrees with this
2  calculation.

B.  <u>The Plea Agreement Provides That Defendant Should Receive Credit for All Time Served in Custody Pursuant to the State Prosecution for the Offense Conduct</u>

Both the United States and the State of California have prosecuted defendant for having possessed a loaded gun on March 17, 2007, after having being convicted of a felony. These separate prosecutions, undertaken independently by separate sovereigns, are entirely permissible. *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992). The United States recognizes, however, that a subsequent prosecution does impose additional burdens on a defendant. The terms of the plea agreement recognize these concerns. The plea agreement expressly provides that defendant should receive an adjustment to his sentence under U.S.S.G. § 5G1.3(b) for the time that defendant has served in state custody with respect to San Mateo County case number SC63441A. The plea agreement provides that this Court should calculate the exact amount of time that has been so served at the time of sentencing. (Plea Agreement p.3 n.2.)

Since defendant was first detained on the state case on March 17, 2007, his sentence should be adjusted by 10 months and 7 days, which is the amount of time between March 17, 2007 and the sentencing date in this case, January 24, 2008. U.S.S.G. § 5G1.3(b). In addition, the plea agreement provides that defendant's federal sentence should run concurrently with the undischarged term of imprisonment in his state case. U.S.S.G. § 5G1.3(c). The United States, therefore, respectfully asks the Court to

- sentence defendant to 66 months and 24 days,
- state that this sentence does not represent a departure from the guidelines but is instead imposed under the provisions of U.S.S.G. § 5G1.3(b) for the time spent on the undischarged time of imprisonment in San Mateo County case number SC63441A to account for time in custody that would not otherwise be credited by the Bureau of Prisons,
- and order that the federal sentence run concurrently with the state sentence.

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0335 SI                    -4-

With these adjustments to his sentence, defendant has suffered no prejudice from the dual prosecution in this case--beyond that fact that he is being punished under federal law for having committed a federal crime. Defendant will not serve any more time in prison because of the state conviction than he otherwise would have had he been prosecuted solely in federal court. Defendant's state court conviction did not add any points to his criminal history score. (PSR ¶ 44). Further, the United States did not use the fact that he had pleaded guilty in state court to this conduct at any phase of these prosecutions, other than to secure permission to bring a subsequent prosecution and to credit the state sentence in the plea agreement. Any further departure granted by this Court for the fact of a dual prosecution in this case would represent an unwarranted windfall for the defendant.

C.      A Sentence of 77 Months is Substantively Reasonable in this Case.

18 U.S.C. § 3553(a) counsels that a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when crafting a reasonable sentence. Further, 18 U.S.C. § 3553(a)(2)(C) directs the court to consider the need for the sentence imposed "to protect the public from further crimes of the defendant." There is abundant evidence in defendant's criminal history and offense conduct that he poses a persistent danger to the community in which he lives. Defendant has twice been convicted of possessing rock cocaine for sale. He has twice been shot, and, in this case, stated he was carrying the loaded gun for protection. One can safely infer that, if threatened, defendant was fully prepared to use the weapon. In this case, defendant injured the police officer who was trying to arrest him. In his arrest in December 2002, defendant tried to kick the arresting officer in the head. (PSR ¶ 41). Records in that case indicate that defendant had run from the police officer no fewer than 20 times in the past. (PSR ¶ 41.) Defendant has had his probation or parole revoked on multiple occasions, including in December, 2002 (PSR ¶ 38); in August, 2005 (PSR ¶ 41), and in September, 2007 (PSR ¶ 43). Defendant committed the instant offense while under a criminal justice sentence and fewer than two years following his release from imprisonment. (PSR ¶ 46). Defendant has admitted to using gang signs (PSR ¶ 48) and, as his arrest in this case indicates, is well known to members of the San Mateo County Gang Task Force.

Given this lengthy criminal history, the inherent dangerousness of carrying a concealed, loaded gun "for protection," and Defendant's history of defiance of the law, a 77-month sentence is reasonable in this case. The United States asks that the Court impose this sentence (less the period of time that defendant has spent in custody since his arrest on the charge in San Mateo County Case No. SC63441A), which results in an adjusted sentence of 66 months and 24 days, followed by a 3-year term of supervised release, and a $100 special assessment.

DATED: January 17, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Allison

ALLISON MARSTON DANNER
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0335 SI                            -6-